[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11630
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 9, 2012
JOHN LEY
CLERK

Agency No. A087-361-944

RU LIN,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 9, 2012)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Ru Lin, a native and citizen of China, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and withholding of removal under the United Nations Convention Against Torture ("CAT"). Before the IJ, Lin testified that China subjected her to a forced abortion, and presented a certificate that indicated that she had underwent an abortion. The BIA affirmed the IJ's denial of asylum and withholding of removal based upon the IJ's adverse-credibility finding.

On appeal, Lin argues that (1) remand is necessary in light of the IJ's reliance on *Matter of M-F-W- & L-G-*, 24 I. & N. Dec. 633 (BIA 2008), because the Second Circuit subsequently vacated the order of removal in that case and remanded to the BIA after Lin's appeal to the BIA was pending; and (2) substantial evidence did not support the BIA's adverse-credibility determination.[1] Specifically, Lin argues that the BIA improperly relied on

---

[1]    Lin also argues the merits of her asylum and withholding of removal claims, but the BIA did not address them in its decision. Accordingly, these issues are not properly before us. *See Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009) (holding that we review the BIA's decision where it issues its own decision without expressly adopting that of the IJ).

2

speculation and conjecture when it found implausible Lin's testimony that Chinese officials followed her ex-husband for an hour and a half in an attempt to locate her after she missed a mandatory appointment to ensure that she was not pregnant. She further argues that the BIA improperly relied upon a statement, located in the U.S. Department of State's 2007 Profile of Asylum Claims and Country Conditions for China ("Asylum Profile"), that "abortion certificates" were only issued for voluntary abortions.

Where the BIA issues its own opinion, we review its decision, except to the extent that it expressly adopts the IJ's decision. *Kueviakoe v. U.S. Att'y Gen.*, 567 F.3d 1301, 1304 (11th Cir. 2009). The BIA's factual determinations, including credibility determinations, are reviewed under a substantial evidence standard. *Id*. We view the evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*). The BIA's decision must be affirmed if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Factual findings may only be reversed where the record compels it. *Adefemi*, 386 F.3d at 1027.

An applicant must establish eligibility for relief from removal through

credible, direct, and specific evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). While a petitioner's credible testimony may be, alone, sufficient to support his burden of proving eligibility for relief from removal, a denial of relief may be solely supported by an adverse-credibility determination. *See id.* The BIA must offer specific, cogent reasons for an adverse-credibility determination, and, upon such a determination, the applicant bears the burden of demonstrating that it was not supported by specific, cogent reasons, or that it was not based upon substantial evidence. *Id.* Adverse-credibility determinations may not be based upon speculation and conjecture. *See Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1278 (11th Cir. 2009). While the BIA may not selectively consider parts of U.S. State Department country reports in order to deny a petitioner's claim, *see id.* at 1280, it may rely heavily upon them, *see Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1175 (11th Cir. 2008).

The REAL ID Act of 2005 governs credibility determinations regarding applications for asylum and withholding of removal filed after May 11, 2005. *Kueviakoe*, 567 F.3d at 1305. That statute reads:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements

4

(whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor. There is no presumption of credibility, however, if no adverse-credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal.

INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Because of the petitioner's burden and the totality-of-the-circumstances test, tenable explanations for inconsistencies or implausibilities are insufficient to reverse a BIA's adverse-credibility findings if the explanation would not compel a reasonable fact-finder to reverse the adverse-credibility finding. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006).

The BIA did not rely upon *Matter of M-F-W- & L-G-*, and its decision is the only one we may review. Accordingly, remand is unnecessary. Substantial evidence supported the BIA's adverse-credibility determination. Although the BIA improperly speculated as to Chinese officials's possible reactions to a woman who misses a mandatory checkup, the Asylum Profile contradicted her claim that China subjected her to a forced abortion. In light of this conflict, Lin has not demonstrated that the record compels a reversal of the BIA's adverse-

5

credibility determination.

After a review of the record and the parties's briefs, we deny Lin's petition for review.

**PETITION DENIED.**